# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, § § § § PLAINTIFF, § § V. § RAM INDUSTRIES ACQUISITIONS, LLC, AND KATYA ATANAS, § § § § DEFENDANTS. § | CIVIL ACTION NO. _____ |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff State Auto Property and Casualty Insurance Company ("Plaintiff" or "State Auto") files this Original Complaint for Declaratory Judgment against Defendants RAM Industries Acquisitions, LLC ("RAM") and Katya Atanas ("Atanas") (collectively, "Defendants"), and in support thereof, states as follows:

## I.
## NATURE OF THE ACTON

1. State Auto brings this action seeking a declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202.

2. This is an action for declaratory judgment arising out of an actual and existing controversy concerning the parties' rights, status, and obligations under insurance policies issued by State Auto to RAM in connection with an underlying lawsuit filed on or about September 7, 2018, styled *Katya Atanas v. Wildcat Industries, LLC and RAM Industries Acquisitions, LLC,* Cause No. 2018-61161, in the 333rd District Court of Harris Country, Texas (the "Underlying Lawsuit").

3. State Auto seeks a declaration that it does not owe a duty to indemnify RAM for the Underlying Lawsuit.

## II.
## PARTIES

4. State Auto is an insurance company organized under the laws of the State of Ohio, with its principal place of business at 518 East Broad Street, Columbus, Ohio, 43215, and is therefore considered a citizen of Ohio for diversity purposes.

5. Defendant RAM is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 8600 Commerce Park Dr., Houston, Texas 77036-7414.  Upon information and belief, the members and/or managers of RAM are Chuck Emmenegger, an individual and citizen of Missouri; Jeff Sangalis, an individual and citizen of Texas; Jeff Browning, an individual and citizen of Texas; and Timothy Payton, an individual and citizen of Texas.  Because all of RAM's members/managers are citizens of either Texas or Missouri, RAM is considered a citizen of Texas and Missouri for diversity purposes. RAM can be served through its registered agent, Timothy R. Payton, 8600 Commerce Park Drive, Houston, Texas 77036.

6. Upon information and belief, Defendant Atanas is an individual and a citizen of Texas.  Atanas may be served at her place of residence, 12204 Lake Vista Drive, Willis, Texas 77318, or wherever else she may be found.

## III.
## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), because it involves a dispute between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Venue is appropriate in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(a), because it is the judicial district where a substantial part of the events giving rise to the claim occurred. Venue is also appropriate in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(c), because it is the judicial district where Defendant RAM has its principal place of business.

## IV.
## FACTUAL BACKGROUND

A. **The Underlying Lawsuit**

9. In her Plaintiff's Original Petition filed in the Underlying Lawsuit (the "Petition"), Atanas alleges that between December 16, 2016 and March 1, 2017, she ordered from RAM eighty-one windows, which were intended for her newly built home at 15156 Walden Road, Montgomery, Texas 77356.

10. In the Petition, Atanas alleges although the windows were marketed as "superior," "exceptional," and "industry's top," the windows leaked water profusely.

11. In the Petition, Atanas alleges that she notified RAM of the leaks on September 6, 2017, and that between September 2017 and April 2017, RAM made numerous attempts to re-glaze and re-seal the windows, but the windows continued to leak.

12. In the Petition, Atanas alleges that the design of the windows is deficient and that the windows were built with an inherently defective manufacturing process.

13. In the Petition, Atanas asserts causes of action against RAM for breach of contract, breach of express warranties, breach of the Texas UCC's implied warranty of merchantability, breach of the Texas UCC's implied warranty of fitness for a particular purpose, negligence, and violation of the Texas Deceptive Trade Practices Act.

14. In the Petition, Atanas seeks recovery of actual damages, the cost of the original windows, the cost of replacement windows, the cost for removal and installation of new windows, the cost of repairs due to water infiltration, the cost for experts and consultants, storage costs for physical evidence, loss of occupancy expenses, lost rental value, duplicate property taxes, diminution in property value, pre- and post-judgment interest, treble damages, consequential damages, and attorney's fees.

**B.     The Policies**

15. State Auto issued to RAM Policy No. PBP 2772255 00 for the policy period from October 23, 2016 to October 23, 2017 (the "2016 Policy"), and Policy No. PBP 2772255 01 for the policy period from October 23, 2017 to October 23, 2018 (the "2017 Policy") (collectively "the Policies"). Subject to their terms, exclusions, and conditions, the Policies provide commercial general liability insurance, subject to a $1,000,000 limit for each occurrence, a $2,000,000 general aggregate limit, and a $2,000,000 "products completed operations" aggregate limit.

16. The Policies' Coverage A Bodily Injury and Property Damage Liability Insuring Agreement (the "Insuring Agreement") states that State Auto will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the insurance applies.[1] State Auto has the right and duty to defend the insured against any "suit" seeking covered damages, but does not have a duty to defend the insured against any "suit" to which the insurance does not apply.

17. State Auto is currently providing a defense to RAM for the Underlying Lawsuit, subject to its reservation of rights under the Policies.

---

[1] Except where defined herein, the words in quotation marks are terms which are defined in the Policies and are used herein in accordance with those definitions.

## V.
## CAUSE OF ACTION FOR DECLARATORY JUDGMENT

18. State Auto incorporates by reference the allegations of all foregoing paragraphs of this Complaint.

19. Pursuant to the Insuring Agreement, coverage potentially exists only for those sums that the insured becomes legally obligated to pay as damages because of "property damage" that is caused by an "occurrence." "Property damage" is defined as "[p]hysical injury to tangible property, including all resulting loss of use of that property" or "[l]oss of use of tangible property that is not physically injured." "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." State Auto seeks a declaration that the Policies do not provide coverage for any amounts sought from RAM that do not constitute damages because of "property damage" caused by an "occurrence."

20. The Insuring Agreement further requires that the "property damage" must occur during the policy period. State Auto seeks a declaration that, to the extent the amounts sought from RAM constitute damages because of "property damage" caused by an "occurrence," each of the Policies does not provide coverage for any "property damage" that occurred outside of its respective policy period.

21. The Insuring Agreement further states that the insurance applies to "property damage" only if:

> Prior to the policy period, no insured listed under Paragraph 1. Of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

* * * *

In the Petition, Atanas alleges that she notified RAM of the problems with the windows on September 6, 2017, which was prior to the inception of the 2017 Policy. Because RAM knew of the alleged "property damage" prior to the 2017-18 policy period, the 2017 Policy does not cover the Underlying Lawsuit. State Auto seeks a declaration that the 2017 Policy does not provide coverage for any amounts sought from RAM in the Underlying Lawsuit.

22. The Policies' exclusion j(5) bars coverage for "property damage" to that particular part of real property on which RAM or any contractors or subcontractors working directly or indirectly on RAM's behalf are performing operations, if the "property damage" arises out of those operations. The Policies' exclusion j(6) bars coverage for "property damage" to that particular part of any property that must be restored, repaired, or replaced because "your work" was incorrectly performed on it. In the Petition, Atanas alleges that RAM attempted to repair the windows after they began to leak. To the extent that any of the claimed "property damage" happened as a result of repair operations performed by RAM (or any contractors or subcontractors working on RAM's behalf) while those operations were ongoing, exclusion j(5) and/or exclusion j(6) exclude coverage for such claimed "property damage." State Auto seeks a declaration that the Policies do not provide coverage for any "property damage" that falls within the scope of exclusion j(5) and/or exclusion j(6).

23. The Policies' exclusion k. bars coverage for "property damage" to "your product" arising out of it or any part of it. The term "your product" means any goods or products (other than real property) manufactured, sold, handled, distributed, or disposed of by RAM, and includes warranties or representations made at any time with respect to the fitness, quality, durability, performance, or use of "your product." In the Petition, Atanas alleges that RAM manufactured and sold the windows at issue in the Underlying Lawsuit. Therefore, the windows

constitute "your product," and exclusion k. bars coverage for any "property damage" to the windows themselves. State Auto seeks a declaration that the Policies do not provide coverage for any "property damage" that falls within the scope of exclusion k.

24. The Policies' exclusion l. bars coverage for "property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard." The term "your work" is defined as work or operations performed by RAM or on its behalf and materials, parts, or equipment furnished in connection with such work or operations. The term "products-completed operations hazard" includes all "property damage" occurring away from premises RAM owns arising out of "your product" or "your work," except for work that has not yet been completed. Work that may need service, maintenance, correction, repair, or replacement, but which is otherwise complete, will be treated as complete. In the Petition, Atanas alleges that RAM attempted to repair the windows after they began to leak. To the extent that any of the work performed by RAM is damaged, exclusion l. bars coverage for the costs to repair or replace RAM's defective work, if the damage occurred after RAM had completed its operations. State Auto seeks a declaration that the Policies do not provide coverage for any "property damage" that falls within the scope of exclusion l.

25. The Policies' exclusion m. bars coverage for "property damage" to "impaired property" or property that has not been physically injured, arising out of a defect, deficiency, inadequacy, or dangerous condition in RAM's product or work. To the extent that Atanas contends that her home cannot be used or is less useful because it incorporates RAM's allegedly defective product or work, exclusion m. bars coverage for any amounts for loss of use. State Auto seeks a declaration that the Policies do not provide coverage for any "property damage" that falls within the scope of exclusion m.

26. The Policies' exclusion b., as amended by Endorsement No. SL 20 51 12 11, bars coverage for "property damage" for which RAM is obligated to pay damages by reason of the assumption of liability in a contract or agreement. In the Petition, Atanas asserts causes of action against RAM for breach of contract and breach of express warranties. State Auto seeks a declaration that the Policies do not provide coverage for any "property damage" that falls within the scope of exclusion b.

27. There is an actual controversy among the parties regarding the scope of coverage provided by the Policies, and the controversy is ripe for determination as a matter of law.

28. Pursuant to 28 U.S.C. § 2201, State Auto is therefore entitled to a declaratory judgment that the Policies do not provide coverage for the amounts sought by Atanas from RAM in the Underlying Lawsuit and that State Auto has no duty to indemnify RAM for any settlement or judgment that it may be legally obligated to pay as a result of the Underlying Lawsuit.

## VI.
## PRAYER FOR RELIEF

State Auto respectfully requests that the Court enter a judgment in its favor and against Defendants:

(1) declaring that the Policies provide no policy benefits for the amounts for which Atanas seeks recovery from RAM in the Underlying Lawsuit;

(2) declaring that State Auto has no duty to indemnify RAM in connection with the Underlying Lawsuit; and

(3) awarding State Auto its attorneys' fees, costs, and such other and further relief, both at law and in equity, to which it may be justly entitled.

Respectfully submitted,

By:   */s/ J. Price Collins*
J. Price Collins
State Bar No. 04610700
Southern District Bar No. 20404
price.collins@wilsonelser.com
Ashley F. Gilmore
State Bar No. 50511704
Southern District Bar No. 1111052
ashley.gilmore@wilsonelser.com
WILSON ELSER MOSKOWITZ
    EDELMAN &  DICKER LLP
901 Main Street, Suite 4800
Dallas, TX 75202-3758
Telephone:   214-698-8000
Fax:  214-698-1101
**ATTORNEYS FOR PLAINTIFF**
**STATE AUTO PROPERTY AND**
**CASUALTY INSURANCE COMPANY**